Slip Op. 02 - 58

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  GREGORY W. CARMAN, CHIEF JUDGE

|  |  |
|---|---|
| DOLLY, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> **Defendant.** | **Court No. 98-04-00677** |

[Upon consideration of Plaintiff's motion for summary judgment pursuant to CIT Rule 56, Defendant's cross-motion for summary judgment, Plaintiff's response to Defendant's cross-motion for summary judgment, and Defendant's reply to Plaintiff's opposition to Defendant's cross-motion for summary judgment, Plaintiff's motion and Defendant's cross-motion for summary judgment are denied.  Plaintiff's motion for oral argument is also denied.]

*Neville Peterson LLP* (*Arthur K. Purcell, John M. Peterson, Curtis W. Knauss*), Washington, D.C., for Plaintiff.

*Robert D. McCallum, Jr.*, Assistant Attorney General; *John J. Mahon*, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice; *James A. Curley*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for Defendant.

Dated: June 20, 2002

### OPINION

**CARMAN, CHIEF JUDGE:**  Pursuant to 28 U.S.C. § 1581(a) (2000), this Court has

jurisdiction to consider the cross-motions for summary judgment that Dolly, Inc. (Plaintiff) and

the United States (Defendant) have brought before it in accordance with Rule 56 of the Rules of

the United States Court of International Trade. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R.56(c). Because the parties' dispute over the proper description of the subject merchandise presents a genuine issue as to a material fact, Plaintiff's motion and Defendant's cross-motion for summary judgment are denied.

## BACKGROUND

Plaintiff imported subject merchandise during 1997 at the Port of Dayton, Ohio where the Department of Customs ("Customs") classified the subject merchandise under subheading 4202.92 of the Harmonized Tariff Schedule of the United States (HTSUS). (Pl.'s Statement of Material Facts not in Dispute ¶¶ 1, 3 ("Pl.'s Statement")); (Def.'s Resp. to Pl.'s Statement of Material Facts not in Dispute ¶ 1 ("Def.'s Resp.").) HTSUS subheading 4202.92 covers

> [t]runks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper: Other: With outer surface of sheeting of plastic or of textile materials: . . . .

Accordingly, Customs assessed a tariff of around 20 percent *ad valorem*. (Complaint ¶ 8.)

Plaintiff protested Customs' classification of the subject merchandise, asserting Customs should instead have classified the merchandise under HTSUS subheading 3924.10.50, which provides for "Tableware, kitchenware, other household articles and toilet articles, of plastics: . . .

Other." The corresponding duty rate is 3.4 percent *ad valorem*. (Pl.'s Statement ¶¶ 2-4); (Def.'s Resp. ¶¶ 2-4.)

Customs denied Plaintiff's protest on the subject entries. All liquidated damages, charges and exactions for the subject entries were paid prior to the commencement of this action, and Plaintiff timely filed the Summons for this action. (Pl.'s Statement ¶¶ 5-6); (Def.'s Resp. ¶¶ 5-6.)

Plaintiff moves and Defendant cross moves for summary judgment. In Plaintiff's Statement of Material Facts not in Dispute, Plaintiff states, "The merchandise which is the subject of this action consists of various styles of bottle tote bags . . . ." (Pl.'s Statement ¶ 1.) Defendant, however, "[d]enies that the subject bags are properly described as bottle tote bags and avers that they are diaper bags." (Def.'s Resp. ¶ 1.)

### PARTIES' CONTENTIONS

### I. Plaintiff's Contentions

Plaintiff asserts the subject merchandise consists of "plastic containers for foodstuffs [like] the exemplars listed under subheading 3924.10" and is "used for the storage and preservation of food and beverages as contemplated by Heading 3924." (Pl. Mot. Summ. J., at 11-12.) Plaintiff claims the subject merchandise was "designed, manufactured and marketed to be used for the preservation and storage of infant bottles and food" and refers to various details of the merchandise's design, manufacture, and marketing to support its claim. *Id*., at 12-15.

Plaintiff argues the subject merchandise is not classifiable under heading 4202 because the exemplars for that heading are not designed or marketed to carry food or beverages even though they could be used for such purposes. *Id*., at 15.

Plaintiff also argues that appellate precedent supports its claim that the subject merchandise is properly classifiable under heading 3924 rather than heading 4202, citing *Sports Graphics, Inc. v. United States*, 24 F.3d 1390 (1994) and *SGI, Inc. v. United States*, 122 F.3d 1468 (Fed. Cir. 1997). Plaintiff claims the imported articles involved in those cases are "substantially identical" to the subject merchandise involved in the instant case. *Id*., at 17.

Finally, Plaintiff states that even if HTSUS heading 4202 describes the subject merchandise, heading 3924, as a use provision, is more specific than the *eo nomine*[1] provision of heading 4202. Therefore Plaintiff asserts that pursuant to the rule of "relative specificity," heading 3924 should govern. *Id*., at 22-23, citing General Rule of Interpretation 3(a).

## II. Defendant's Contentions

Defendant asserts a statutory presumption of correctness applies to every subsidiary fact necessary to support a classification decision by the Department of Customs. (Def. Br. in Opp. to Pl. Mot. Summ. J, at 3.) Defendant states therefore that Plaintiff has failed to overcome by a preponderance of the evidence the presumption that the subject merchandise is similar to the exemplars specified in heading 4202 and/or subheading 4202.92.45. *Id*., at 5. In order to establish that the subject merchandise is properly classifiable under subheading 3924.10.50, a "principal use" provision, and not under heading 4202, Defendant states Plaintiff must "establish that the class or kind of merchandise to which the imports belong is principally used with 'food and beverages.'" *Id*., citing Additional Rule 1(a). Defendant argues not only that Plaintiff has failed even to establish the class or kind of merchandise to which the subject merchandise

---

[1]An *eo nomine* provision describes a "commodity by a specific name, usually one well known to commerce." BLACK'S LAW DICTIONARY 535 (6th ed. 1990).

belongs but that Plaintiff's own advertising literature and other documentation support

Commerce's classification. *Id*., at 6. At most, Defendant asserts, Dolly has raised triable issues

of material facts precluding summary judgment in its favor. *Id*.

### ANALYSIS

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A

disputed fact is material if it could affect the suit's outcome under the governing law. *Id*. In this

case, the parties' dispute as to whether the subject merchandise is properly described as a "bottle

tote bag" or a "diaper bag" constitutes a genuine dispute as to a material fact.

The factual dispute is genuine because a reasonable fact finder could return a verdict for

each nonmoving party in this case, finding that either "bottle tote bag" or "diaper bag" best

describes the subject merchandise. Plaintiff labels the subject merchandise a bottle bag because

Plaintiff claims the design and construction of the merchandise show it was produced to store

and preserve infant beverages and food stuff. For instance, Plaintiff points to the four bottle

loops that, if filled and combined with an ice pack, would leave little room for other articles. (Pl.

Mot. Summ. J., at 12.) Plaintiff also points to the insulated construction of the containers as a

means to maintain the temperature of food or beverages. *Id*. Plaintiff states that although it has

used the term "diaper bag" to describe the subject merchandise, it has done so only in a generic

sense because the subject merchandise fits into Dolly's product line for articles with related uses.

*Id*., at 16.

In support of its claim that the subject merchandise is part of a class or kind of bags

known as diaper bags, Defendant counters that Plaintiff acknowledged in discovery that bottles

would take up only 25 to 50 percent of the space inside each container.  (Def. Br. in Opp. to Pl. Mot. Summ. J., at 12-13.)  Defendant also states that Plaintiff has provided no evidence regarding the type or amount of insulation or that the bags actually keep milk at a proper temperature over time.  *Id.*, at 14.  Defendant also posits that many of the bags are not airtight. *Id*.

As further evidence that the bags are best described as "diaper bags," Defendant points to Plaintiff's own descriptions of the merchandise.  Defendant demonstrates that in commercial invoices, packing lists and country declarations, Plaintiff has referred to the subject merchandise as "diaper bags" or "minis."  *Id*., at 15.  Defendant also points to Plaintiff's price lists that refer to certain styles of the subject merchandise as "Disney Babies Diaper Bags," "Winnie-the Pooh Diaper Bags," "Dolly's Own Diaper Bags" or "Dolly's Baby Baggage."  *Id*.  In addition, Defendant states that six of the styles at issue have specification sheets entitled "Diaper Bag Specifications."  *Id*., at 15-16.  Finally, Defendant states the promotional literature for each style at issue refers to the subject merchandise as "diaper bags."  *Id*., at 16.

Because a reasonable fact finder could find the best description of the subject merchandise to be either "bottle tote bag" or "diaper bag," this Court finds the factual dispute to be genuine.

The factual dispute is also material because it could affect the suit's outcome under the governing law.  Characterizing the subject merchandise as either a bottle tote bag or as a diaper bag would have a direct effect upon the principal use that Plaintiff would be required to prove in order to demonstrate that the subject merchandise is properly classifiable under HTSUS subheading 3924.10.50.

Further findings of fact are required to determine if the subject merchandise is a bottle tote bag or a diaper bag. Therefore, the parties' motions for summary judgment are denied. In addition, Plaintiff's motion for oral argument in this action is denied.

_____

 Gregory W. Carman
Chief Judge

Dated: June 20, 2002
New York, New York